16979

THE STATE, Respondent, v. O'DELL BAILEY, Appellant

(86 S. E. (2d) 472)

*Messrs. Sam R. Watt* and *Chester D. Ward, Jr.*, of Spartanburg, *for Appellant,*

*Messrs. J. Allen Lambright, Solicitor,* and *J. Wright Nash, Assistant Solicitor,* of Spartanburg, *for Respondent,*

March 16, 1955.

BAKER, Chief Justice.

The defendant-appellant was tried during the April (1954) term of the Court of General Sessions for Spartanburg County under an indictment charging him with statutory rape of a fourteen year old woman child. He was by the jury found guilty with recommendation to mercy.

The indictment charged that the appellant "did on the 10th day of Sept., and various dates prior thereto in the year of our Lord one thousand nine hundred and 53 * * * willfully, feloniously and unlawfully ravish and carnally know and abuse one Joyce Bailey, a woman child of the age of fourteen years; all in violation of Section 16-80, Code of Laws for South Carolina for 1952 * * *."

In that we are compelled to grant to appellant a new trial, the Exceptions to which it will be necessary for us to make reference are Nos. 2, 3, 4, 5, 7, 8, 9 and 10.

Exception 2 alleges error in admitting testimony relative to any acts of sexual intercourse which may have taken place between the prosecutrix and the appellant prior to 1953, since the indictment on its face only charges the appellant with having committed such acts during 1953. Exception 3 alleges error on the part of the trial Judge in charging the jury as to subsection (1) of Section 16-80, Code of Laws of South Carolina 1952, which subsection is applicable to sexual intercourse with a woman child over the age of ten years and under the age of fourteen, the indictment charging appellant with ravishing and carnally knowing and abusing a woman child of the age of fourteen years, when the only evidence of any sexual intercourse between the prosecutrix and the appellant during the year 1953 was one act of sexual intercourse, which if it occurred at all, occurred between the parties hereto when she was between the ages of fourteen and sixteen years. Exception 4 alleges error on the part of the trial Judge in failing to charge the jury all of the law as required by the Constitution of this State, the error being that he failed to charge the jury the law contained in subsection (2) of Section 16-80, Code of Laws of South Carolina 1952. Exception 5 alleges that the presiding Judge gave the appellant an excessive sentence, to wit, nine years imprisonment when under the indictment and the admissible evidence the only crime the appellant could have been convicted of was under subsection (2) of Section 16-80, which provides for a maximum penalty of five years imprisonment. Exception 7 alleges error in that the trial Court was without jurisdiction to try appellant for any crime other than that contained in said subsection (2) of Section 16-80 since the indictment on its face charged appellant with ravishing a female of fourteen years and the submission of other crimes not covered by the indictment, i. e., ravishing a female under fourteen but above ten years

since the verdict of the jury does not show whether they convicted defendant-appellant of the crime for which he was indicted or for the crime for which he was not indicted but for which he was also tried and sentenced. Exception 8 alleges error by the trial Judge in refusing to grant appellant's motion for a directed verdict of not guilty with respect to all sexual acts as to which there was testimony introduced as having occurred prior to the date that the prosecutrix arrived at the age of fourteen years, the indictment having only charged the appellant with such acts after the prosecutrix arrived at the age of fourteen years. Exception 9 alleges error on the part of the presiding Judge in submitting to the jury for its consideration any acts of sexual intercourse which allegedly occurred prior to the date of the prosecutrix arriving at the age of fourteen years, the error being that no such charges were contained in the indictment. And Exceptions 10 and 11 allege that the trial Court was without jurisdiction to try or sentence the appellant for any crime for which he was not indicted.

We now quote so much of Section 16-80 of the Code of 1952 as is apropos:

"If any person shall unlawfully and carnally know and abuse any woman child under the age of sixteen years such unlawful and carnal knowledge shall be a felony and the offender thereof being duly convicted shall suffer as for a rape; *provided, however,* that when:

"(1) The woman child is over the age of ten years and the prisoner is found guilty the jury may find a special verdict recommending him to the mercy of the court, whereupon the punishment shall be reduced to imprisonment in the penitentiary for a term not exceeding fourteen years, at the discretion of the court;

"(2) The woman child is over the age of fourteen years and under the age of sixteen years and the prisoner is found guilty the punishment shall be in the discretion of the court, not exceeding five years imprisonment; * * *."

The only testimony to which it is necessary that we refer is concerning the age of the prosecutrix, Joyce Bailey, and the first three dates on which she alleges she had sexual intercourse with the appellant. The uncontradicted testimony is that she became fourteen years of age on June 13, 1953, and the prosecutrix testified that the only sexual relation she had with appellant during the year 1953 occurred on September 10th when she was then between the ages of fourteen and sixteen.

It is quite obvious that the indictment upon which the appellant was tried did not include any of the alleged offenses occurring prior to 1953, nor prior to the prosecutrix becoming of the age of fourteen years; and when the trial Judge charged the jury he only acquainted them with subsection (1) of Section 16-80 of the 1952 Code, reading said section to them without any reference whatsoever to subsection (2), and instructed the jury that they could bring in one of three possible verdicts, to wit, "not guilty," "guilty," and "guilty with recommendation to the mercy of the Court," and stated in connection with the last possible verdict, "in which event the defendant could be sentenced to a term of years not exceeding 14 or less than three months, in the discretion of the Court."

It should be here stated that the attorneys representing the defendant on this appeal did not participate in his trial at the time he was convicted; that the attention of the trial Judge was not directed to the fact that the indictment did not allege an offense against a woman child between the ages of ten and fourteen years; and that if the woman child is over the age of fourteen years and under the age of sixteen years when the sexual intercourse is alleged to have occurred, and the prisoner is found guilty, then the punishment shall be in the discretion of the Court, not exceeding five years imprisonment.

The sexual intercourses testified to by the prosecutrix as having occurred in 1952, while not objected to, were of course inadmissible since this appellant

was not indicted for any of such offenses, and therefore the Court did not have jurisdiction to try him or sentence him therefor.

For the foregoing reasons, the judgment of the lower Court is reversed, and the case remanded thereto for a new trial.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.